J. M. BERNHARDT v. G. W. BROWN, et al.

*Corporation, Foreign and Domestic—Attachment—Juris-
diction—Void Judgment.*

1. When a foreign corporation is rechartered in this State it
   becomes a domestic corporation and is not liable to attach-
   ment as a non-resident.

2. A judgment rendered in attachment proceedings, based on the
   ground of non-residence, against a foreign corporation which
   has been reincorporated in this State, is void, as well as a sale
   of its property thereunder, for want of jurisdiction.

AVERY, J., dissenting.

PETITION of defendants for a rehearing of the case
between the same parties, decided at February Term, 1896,
of this Court, and reported in 118 N. C., at page 700.

*Messrs. Shepherd & Busbee, S. T. Ervin* and *I. T.
Avery,* for petitioners.
*Messrs. J. T. Perkins, J. G. Bynum* and *Edmund
Jones, contra.*

CLARK, J.: This is a restricted rehearing, and the sole
question presented is whether the N. C. Estate Com-
pany was a domestic or foreign corporation at the
time the attachment was issued in the Brem & McDow-
ell case, for if it was a domestic corporation no jurisdic-
tion was acquired by virtue of the attachment issued
against it as a foreign corporation. This is decided in
this case (118 N. C., 700,) in that part of the opinion as to
which the rehearing was not granted, Section 8 of the
headnote. The affidavit for the said attachment sets out
that the defendant is a foreign corporation, chartered in
London, England, but "that in 1887 the defendant com-
pany obtained a charter from the Legislature of North

Carolina," the affidavit further reciting some portions of the charter, which in fact is an unusually full and complete act of incorporation. Acts 1887, pp. 892–895. The warrant of attachment was issued upon that affidavit, which on its face shows want of jurisdiction. The judgment does not contain any finding that the corporation was a non-resident. There being an incorporation of the company here, as alleged in the affidavit, and not a mere license to do business in this State, it became a *domestic* corporation, and hence not liable to attachment as a non-resident, (the ground relied on to confer jurisdiction,) though of course it would have been for any of those causes for which a domestic corporation would be liable to attachment proceedings. *Code*, Section 349 (2); 6 Thomp. Corp., Section 7799; *Sprague* v. *R. Co.*, 5 R. I., 233; 1 Thomp. Corp., Sections 47, 320, 688, 689; 6 Thomp. Corp., Sections 7452, 7472, 7817, 8012, 8020, 8128, and cases cited in those sections; Murfree Foreign Corp., Sections 453, 459, 460; *Young* v. *South Tredeger Co.*, 4 Am. St. Rep., 752; Drake Attachments, Section 479.

The foreign corporation having been reincorporated here, the case is simply such as would be the condition if a non-resident person had moved into this State and become a resident here, and thereafter a creditor, upon an affidavit alleging those facts, had sued out an attachment against him as a non-resident and sold his land under such proceeding, in which the judgment would be void, since the court did not acquire jurisdiction of the subject matter, *Springer* v. *Shavender*, 118 N. C., 33, nor of the person. The defendent in the supposed case not having been brought into court by " due process of law," when the purchaser under a judgment thus obtained brings an action of ejectment the defendent, whether the original defendent in the

action or (as here) one who has acquired such defendant's title by sale under a valid judgment and execution, can treat the judgment in such attachment proceedings as void, just as he could a deed in the chain of plaintiff's title which is not properly executed or properly probated. It is not the case of an error or irregularity in a judgment, which can only be taken advantage of by an appeal or a direct proceeding, but of a judgment void for want of jurisdiction, which is void everywhere.

Petition Dismissed.

Avery, J., dissents.